FILED ___ LODGED
___ RECEIVED ___ COPY

NOV - 7 2007

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br>　　v.<br><br>1.　Pablo Curiel;<br>　　aka: Michael Cambri<br>　　(Counts 1 - 6)<br><br>2.　Isaac Curiel;<br>　　aka: Michael Cambri<br>　　(Counts 1, 3, 5-6)<br><br>3.　Ronnie Goodwin;<br>　　aka: Jeffrey Blacksher<br>　　(Counts 1 - 4)<br><br>4.　Kathryn Manery;<br>　　(Counts 1, 3-5)<br><br>　　　　Defendants. | No.　CR 07 - 1216 PHX·FJM(ECV)<br><br>**I N D I C T M E N T**<br><br>VIO:　21 U.S.C. §§ 846, 841(a)(1) and<br>841(b)(1)(A)(ii) & 841 (b)(1)(C)<br>(Conspiracy to Possess with<br>the Intent to Distribute<br>Cocaine and Marijuana)<br>Count 1<br><br>21 U.S.C. §§ 841(a)(1) and<br>841(b)(1)(C)<br>(Possession with the Intent<br>to Distribute Cocaine)<br>Count 2<br><br>21 U.S.C. §§ 841(a)(1) and<br>841(b)(1)(A)(ii)<br>(Possession with the Intent<br>to Distribute Cocaine)<br>Count 3<br><br>21 U.S.C. §§ 841(a)(1) and<br>841(b)(1)(B)(ii)<br>(Possession with the Intent<br>to Distribute Cocaine)<br>Count 4<br><br>18 U.S.C. § 1956(a)(1)(A)(i)<br>(Conspiracy to Commit<br>Money Laundering)<br>Count 5<br><br>18 U.S.C. § 1956(a)(1)(A)(i)<br>(Promotional Money<br>Laundering)<br>Count 6 |

21 U.S.C. § 853
18 U.S.C. § 1956 and 1957
18 U.S.C. § 982
(Forfeiture Allegation)

18 U.S.C. § 2
(Aiding and Abetting)
Counts 2-6

THE GRAND JURY CHARGES:

## COUNT 1

Beginning on or about December 1, 2001, and continuing until a date unknown, but at least until on or about October 31, 2004, in the District of Arizona, Defendants PABLO CURIEL, ISAAC CURIEL, RONNIE GOODWIN and KATHRYN MANERY, together and with others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, specifically:

a. 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers and salts of its isomers, a Schedule II controlled substance, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii); and

b. less than 100 kilograms of a mixture or substance containing a detectable amount of Marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846, and Title 18 United States Code, Section 2.

## COUNT 2

On or about June 13, 2003, in the District of Arizona, Defendants PABLO CURIEL and RONNIE GOODWIN, each aiding and abetting the other, did knowingly and intentionally possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers,

a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT 3

On or about April 1, 2004, in the District of Arizona, and elsewhere, Defendants PABLO CURIEL, ISAAC CURIEL, RONNIE GOODWIN, KATHRYN MANERY and others, each aiding and abetting the other, did knowingly and intentionally possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) and Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

### COUNT 4

On or about October 27, 2004, in the District of Arizona and elsewhere, Defendants PABLO CURIEL, ISAAC CURIEL, RONNIE GOODWIN, KATHRYN MANERY and others, each aiding and abetting the other, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii) and Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

### COUNT 5

Beginning on or about December, 2001, and continuing until a date unknown to the Grand Jury, but at least through October, 2004, in the District of Arizona and elsewhere, defendants PABLO CURIEL, ISAAC CURIEL and KATHRYN MANERY, and others known and unknown to the Grand Jury, did willfully, knowingly, and unlawfully combine, conspire, confederate and agree with each other and others, to:

1. conduct and attempt to conduct financial transactions affecting interstate commerce,

which transactions involved the proceeds of a specified unlawful activity, that is Conspiracy to Possess with the Intent to Distribute Cocaine and Marijuana, in violation of Title 21, United States Code, Sections 841 and 846, with the intent to promote the carrying on of such specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of that unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## OVERT ACTS OF THE CONSPIRACY

On or about the following dates, in the District of Arizona and elsewhere, in furtherance of the conspiracy and to effect the objects of the conspiracy, defendants PABLO CURIEL, ISAAC CURIEL and KATHRYN MANERY, and others known and unknown to the Grand Jury, committed or caused to be committed the following overt acts:

1. On or about November 5, 2003, defendant ISAAC CURIEL gave KATHRYN MANERY approximately $1,150.00 in cash for the purpose of renting a drug stash house in Fort Wayne, Indiana.

2. On or about March 20, 2004, unindicted co-conspirator CW1 provided defendant ISAAC CURIEL with $5,000.00 in cash from drug proceeds, which defendant ISAAC CURIEL then returned to this individual for the purpose of renting a stash house in Hinsdale, Illinois.

3. On or about March 27, 2004, unindicted co-conspirator CW2 transported approximately $250,000.00 in drug proceeds from Fort Wayne, Indiana, to Chandler, Arizona, which funds were then used by defendant PABLO CURIEL to procure additional cocaine.

4. On or about April 1, 2004, KATHRYN MANERY transported approximately $80,000.00 in drug proceeds from Illinois to Indiana.

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT 6

On or about March 27, 2004, in the District of Arizona, defendants PABLO CURIEL and ISAAC CURIEL did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: unindicted co-conspirator CW2 transported approximately $250,000.00 in drug proceeds from Fort Wayne, Indiana, to Chandler,

Arizona, which funds were then used by defendant PABLO CURIEL to procure additional cocaine, which involved the proceeds of a specified unlawful activity, that is Conspiracy to Possess with the Intent to Distribute Cocaine and Marijuana, in violation of Title 21, United States Code, Sections 841 and 846, with the intent to promote the carrying on of that specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations contained in the above Counts of this Indictment, which is incorporated by reference herein.

A. Pursuant to 21 U.S.C. Section 853 and as a result of the offenses charged in Counts 1-4 of this Indictment, the defendants shall forfeit to the United States of America:

(a) All right, title, and interest in (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of this offense and (2) any of the defendants' property used, or intended to be used, in any manner or part, to commit, to facilitate the commission of, such an offenses as to which property the defendants are jointly and severally liable, including but not limited to the following:

(b) A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

All pursuant to Title 21, United States Code, Section 853 and Rule 32.2(a), Federal Rules of Criminal Procedure.

B. As the result of committing one or more of the money laundering offenses in violation of 18 U.S.C. § 1956, alleged in Counts 5-6 of this Indictment, defendants shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1):

(a) All right, title, and interest in any and all property involved in each offense in violation

of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956(a)(1) or (2); 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to the following:

b. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraphs A and B, if, by any act or omission of the defendant, the property described in paragraphs A and B, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

S/
FOREPERSON OF THE GRAND JURY
Date: November 7, 2007

DANIEL G. KNAUSS
United States Attorney
District of Arizona

S/
JACKI L. IRELAND
Assistant U.S. Attorney